Edward J. Amann, Jr., J.
This is a motion by the State for an order "directing the Clerk to enter two separate judgments herein: [1] dismissing Claim No. 54113, and awarding to the State of New York against the Claimant, Frank J. Depo, the sum of $61,150.00, with appropriate interest; and [2] dismissing Claim No. 57101, and that the judgment creditor have execution therefor”.
The claimants oppose the State’s motion.
The claims which gave rise to the instant motion were tried before this court and a decision was rendered on September 17, 1975. The aforesaid decision made an award of $510,650 to the claimant, Frank J. Depo and an award of $38,200 to Stanley Depo & Sons, Inc. The total sum awarded to both claimants was $548,850.
The affirmation annexed to the notice of motion indicates that an agreement for partial payment was entered into between the claimants and the State on April 5, 1972 (hereinafter referred to as the Second Agreement). Paragraph 7 of the Second Agreement provides as follows: "7. It is agreed that, if the Court of Claims finds the value of the property appropriated and legal damages caused by said appropriation as set forth in paragraph numbered 1 above is equal to or exceeds the advance payment made hereunder, the amount of such advance payment shall be deducted from the amount so found by the Court and the award of said Court shall be in the amount of the excess, if any, over and above said advance payment. It is also agreed that no interest shall be allowed in such award on the amount of such advance payment. In the event the amount so found by the Court is less than the amount of said advance payment, upon the filing in the office of the Clerk of the Court of Claims of a Certified copy of this agreement together with Certification by the Comptroller of the State of New York of such payment and upon application made to the Court on at least eight days notice to Claimant, the Court shall direct the Clerk to enter judgment dismissing the claim and awarding to the State the difference between the award as found by the Court and the amount of said *1005 advance payment with appropriate interest. It is further agreed that in any trial of a claim that may be filed by the Claimant, neither the determination of the Commissioner of Transportation, as hereinabove set forth, nor any data, estimates or appraisals made or prepared in support thereof, shall be evidence of the value of the claim or of the property affected by said claim.”
Paragraph 10 of the agreement states: "10. This Agreement supplements a 75% Partial Payment Agreement dated May 21, 1971, and approved by the Comptroller on June 9, 1971, under which a payment of $457,500.00 was or is to be made thereby leaving a balance of $152,500.00 payable to claimants herein with interest.”
What the State’s affirmation failed to mention, however, was that this agreement was the second such agreement between the parties. An original agreement providing for a 75% advance payment was entered into on May 21, 1971. (Hereinafter referred to as the First Agreement.) That agreement also provided: "7. It is agreed that, if the Court of Claims finds the value of the property appropriated and legal damages caused by said appropriation as set forth in paragraph numbered 1 above is equal to or exceeds the partial payment made hereunder, the amount of such partial payment shall be deducted from the amount so found by the Court and the award of said Court shall be in the amount of the excess, if any, over and above said partial payment. It is also agreed that no interest shall be allowed in such award on the amount of such partial payment. In the event the amount so found by the Court is less than the amount of said partial payment, it is agreed that no interest shall be allowed by the Court on said amount and the State may interpose a counterclaim, within thirty days after the filing of the Court’s decision, to recover from the Claimant the difference with interest thereon between the amount of said partial payment and the amount so found. It is further agreed that in any trial of a claim that may be filed by the Claimant, neither the determination of the Commissioner of Transportation, as hereinabove set forth, nor any data, estimates or appraisals made or prepared in support thereof, shall be evidence of the value of the claim or of the property affected by said claim.”
The basic issue to be determined by the court is whether the State may enlarge its rights by means of its partial payment agreement. The Rules of the Court of Claims (22 NYCRR *1006 1200.15) provide that a counterclaim may be filed within 20 days after the filing of the claim or within such time as the court may order. This rule presupposes the interpositioning of a counterclaim at some time prior to a decision. Oriskany Development Corp. v State of New York (Claim No. 53992, Motion Nos. M-16356, M-16129, Cross Motion M-16163, decision filed June 3, 1974).
In an attempt to circumvent this rule and shield any possible counterclaim from judicial scrutiny the State inserted the original paragraph 7 into their first agreement. This paragraph extended their time to file a counterclaim until 30 days after a decision had been rendered. Thereafter, the State substituted the language contained in paragraph 7 of the Second Agreement, which had the effect of indefinitely extending the State’s time to file a "counterclaim.”
The court has been unable to find any cases which have determined the issue of whether the State may enlarge its time to file a counterclaim by means of a partial payment agreement.* However, this court has held on more than one occasion that the State may not use suspension of interest as a lever to force a claimant to do what he is not legally obligated to do. (Wilson v State of New York, 73 Misc 2d 931; Bobwin Real Estate v State of New York, Claim No. 47781, decision filed Oct. 17, 1969.) In Wilson (supra), Judge Orlando held that the State may not suspend interest as a means of forcing a claimant to obtain releases from a lessee. In Bobwin (supra), Judge Lengyel held that the State may not suspend interest as a means of forcing claimant to accept an advance payment of less than the statutory percentage.
Here the State has given the claimant the choice of rejecting his advance payment or granting the State at the least 30 days from the court’s decision within which to interpose a counterclaim. The terms have not been negotiated by two parties of equal strength, but rather have been unilaterally set up by the State. Under such circumstances this court will not enforce these portions of the agreements. Therefore, the court finds that under the Rules of the Court of Claims the time within which the State must file its counterclaim has been exceeded. This would be true even if the time for filing *1007 were deemed to have run from the filing of the court’s decision.
If the State seeks to conceal the fact that the advance payment was based upon an appraisal which was higher than the one it relied on at trial, it may do so. However, where such is the case, the court will not entertain a motion to file a counterclaim, unless it is filed within the time specified in the court’s rules.
On the basis of all of the above the court denies the State’s motion.

 In Oriskany Development Corp. v State of New York (Claim No. 53992, decision filed June 3, 1974) Judge Becker did not find it necessary to invalidate the clause extending the time to file a counterclaim, because the State had exceeded the time limit in its own agreement.